UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MOHAN SASIKUMAR,

                          Plaintiff,                    MEMORANDUM
                                                                      AND ORDER

    -against-

                                                                        09 CV 5632 (ENV) (RML)

THE BROOKLYN HOSPITAL CENTER, *et al.*,

                          Defendants.
----------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Mohan Sasikumar ("plaintiff") moves to compel the production of two sets of records: (1) the personnel files of the thirteen clerical service associates ("CSAs") who worked the evening shift at defendant The Brooklyn Hospital Center ("BHC") during plaintiff's employment there, and (2) copies of all complaints of discrimination and/or retaliation against BHC based on national origin, race, color, or age for the four years prior to plaintiff's termination in 2005. For the reasons stated below, plaintiff's motion is granted in part and denied in part.

## BACKGROUND AND FACTS

        Plaintiff, a 58-year-old man of Indian ethnicity and descent, commenced this employment discrimination action on December 23, 2009. Plaintiff was employed at BHC as a CSA in the nursing department from 1992 to 2005, and his supervisors included individual defendants Robin Pino, Roy Newton, and Isoken Okhvahesuyi. The action alleges that defendants engaged in unlawful discrimination, harassment, and retaliation on the basis of plaintiff's race, color, national origin, and age and that this discrimination culminated in plaintiff's termination. The crux of his complaint is that his nursing supervisors, all West Indian, treated younger, West Indian employees preferentially. (See generally Amended Complaint,

dated Jan. 26, 2010 ("Am. Compl.").) Defendants deny plaintiff's claims and maintain that he was terminated on account of poor performance and violations of BHC's policies and procedures. Specifically, defendants argue that plaintiff was fired because he refused to "float" (work in other units). (Opposition to Motion to Compel, dated Mar. 1, 2011 ("Opp. to Mot. to Compel"), at 3.)

On February 15, 2011, plaintiff moved to compel BHC to comply with outstanding discovery requests, including for production of (1) the personnel files of individuals who were CSAs at BHC during his employment and (2) copies of complaints of discrimination or retaliation against defendants for the six years prior to plaintiff's termination. (Motion to Compel, dated Feb. 15, 2011 ("Mot. to Compel"), at 1, 3.) Plaintiff has narrowed his two requests and now seeks only (1) the files for the CSAs who worked on *evening* shifts[1] and (2) the complaints against BHC[2] during the *four years* prior to his discharge. However, BHC continues to object to the production of these records.

## DISCUSSION

Fed. R. Civ. P. 26(b)(1) provides, in relevant part that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." "The key phrase in this definition—'relevant to the subject matter involved in the pending action'—has been construed broadly to encompass any matter that bears

---

[1] BHC has already produced the personnel files of the two CSAs who worked night shifts during plaintiff's employment, and plaintiff is no longer seeking the files of the CSAs who worked during the daytime.

[2] BHC has responded to the request with respect to the individual defendants and stated that no complaints of discrimination were made against them. (Defs.' Letter, dated Mar. 1, 2011, at 2.)

on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citations omitted). However, Rule 26(c) also "confers broad powers upon the court to limit or prevent discovery even though the information sought is relevant and within the scope of Rule 26(b)." Coyne v. Houss, 584 F. Supp. 1105, 1109 (E.D.N.Y. 1984). Fed. R. Civ. P. 26(c)(1) provides that the court may forbid discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . " Where a party objects to a discovery request, the objecting party "bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" McKissick v. Three Deer Ass'n Ltd. P'ship, 265 F.R.D. 55, 56–57 (D.Conn. 2010) (quoting Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984)). Ultimately, "[t]he management of discovery lies within the sound discretion of the district court . . . ." Grady v. Affiliated Cent., Inc., 130 F.3d 553, 561 (2d Cir. 1997). With these principles in mind, I will discuss each discovery request in turn.

### A. Personnel Records of Other CSAs

Plaintiff argues that he is entitled to the personnel records of all of the CSAs who worked the evening shift at BHC during the four years prior to plaintiff's termination because these employees were similarly situated to him. (Mot. to Compel at 2; Pl.'s Letter, dated Mar. 8, 2011 ("Pl.'s Mar. 8 Letter"), at 2.) "A showing of disparate treatment—that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected

group'—is a recognized method of raising an inference of discrimination for purposes of making out a *prima facie* case." Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)). While BHC points out that courts have been careful to balance the privacy interest of non-party employees with parties' needs for information, BHC does not dispute that the records of similarly-situated individuals are properly the subject of discovery. Instead, BHC argues that CSAs who worked the evening shift are not appropriate comparators.

"Employees used as comparators for purposes of a similarly situated analysis need not be identically situated, but only must be similarly situated in 'all material respects.'" Polito v. Tri-Wire Eng'g Solution, Inc., 699 F. Supp. 2d 480, 492–93 (E.D.N.Y. 2010) (citing McGuinness v. Lincoln Hall, 263 F.3d 49, 53–54 (2d Cir. 2001)). An employee is similarly situated to co-employees if they were (1) "subject to the same performance evaluation and discipline standards" and (2) "engaged in comparable conduct." Graham, 230 F.3d at 40 (citations omitted). "Whether or not a plaintiff reports to the same supervisor as her comparator is an important factor in finding that plaintiff and the comparator are similarly situated." Akinyemi v. Chertoff, No. 07 Civ. 4048, 2008 WL 1849002, at *5 (S.D.N.Y. Apr. 25, 2008) (citations omitted).

Plaintiff contends that the CSAs who worked the evening shift are appropriate comparators for plaintiff because they "performed similar tasks, were subjected to the same performance standards, and were evaluated by the same supervisors." (Pl.'s Letter, dated Mar. 30, 2010 ("Pl.'s Mar. 30 Letter"), at 4.) Specifically, plaintiff argues that he and the other CSAs shared at least one supervisor—Marlene Levine, whom he contends supervised all clerical staff.

(See Am. Compl. ¶ 64.) BHC, on the other hand, argues that only the two other night-shift CSAs (whose records they have already produced) are similarly-situated employees because plaintiff was fired for refusing to float and the floating requirement is unique to night-shift employees. (Opp. to Mot. to Compel at 3.) BHC also contends that the other CSAs are distinct from their night-shift counterparts because they were assigned to various units within the hospital and were supervised by different nurses within their units. (Id. at 4.)

I agree with plaintiff that he should have access to the files of the evening CSAs. First, the "floating" argument is unpersuasive because plaintiff alleges that the discrimination began in June 2005 (Am. Compl. ¶ 23), when he was still assigned to the Neonatal Intensive Care Unit (id. ¶ 20) and before he was asked to "float." Second, BHC has provided no competent evidence in the form of affidavits or records to explain its supervisory structure and the differing roles of CSAs depending on shifts. Third, whether employees are "similarly situated" is generally a question of fact for the jury to determine, Graham, 230 F.3d at 39, and the parties disagree as to an important fact in the inquiry—whether plaintiff and the evening CSAs were evaluated and supervised by the same individuals. Therefore, with respect to production of the personnel files of the evening CSAs, plaintiff's motion is granted.[3]

B. Complaints of Discrimination or Retaliation Against BHC

---

[3] BHC argues that before production is ordered, the court should conduct an *in camera* review of the files to ensure that only documents containing relevant materials are produced. (Defs.' Letter, dated Mar. 28, 2011 ("Defs.' Mar. 28 Letter"), at 6.) I decline to do so, as I find the documents to be relevant. Additionally, there is a protective order in place which obviates any privacy concerns.

Plaintiff has asked for records of any complaints of discrimination or retaliation against BHC from 2001 to 2005 on the basis of national origin, race, color, or age. "Evidence of general patterns of discrimination by an employer is relevant even in an individual disparate treatment case[,]" Lieberman v. Gant, 630 F.2d 60, 68 (2d Cir. 1980), and is therefore discoverable under Fed. R. Civ. P. 26(b)(1). Moreover, courts in this circuit have repeatedly found similar complaints of discrimination by corporate employers to be relevant and discoverable. See, e.g., Louison v. Blue Cross Blue Shield of Greater N.Y., No. 90 CIV. 1820, 1990 WL 108347, at *1 (S.D.N.Y. July 23, 1990) (granting plaintiff's request for other complaints of discrimination on the basis of race, color or national origin); Jhirad v. TD Securities USA, Inc., No. 02 Civ.7509, 2003 WL 1872654 (S.D.N.Y. April 10, 2003) (allowing discovery concerning charges of discrimination on the basis of gender, religion, or national origin against large employer).

BHC claims that production of the requested records would be burdensome because there has been great turnover in its management (including in Human Resources and Labor Relations) and there is no central repository where records of all complaints are kept. (Defs.' Letter, dated Mar. 28, 2011 ("Defs.' Mar. 28 Letter"), at 3.) BHC states that "it is believed that the only 'record' of a complaint would be in the individual personnel file of the employee who made the complaint," and many of these files have now been archived or no longer exist. (Id. at 3, 4.) Moreover, BHC argues that it would have to review and redact over 50,000 pages of material. (Id. at 4.) However, BHC provides no supporting documents or affidavits attesting to these statements, as requested by the court at the March 21, 2011

conference.[4]  (See Minute Entry, dated Mar. 21, 2011.)

"In deciding upon the scope of discovery, the court is to balance, on a case-by-case basis, the degree of relevance and the discovering party's need for the information against the burdensomeness of production."  Mazzella v. RCA Global Comm'ns, Inc., No. 83 Civ. 3716, 1984 WL 55541, at *8 (S.D.N.Y. Mar. 28, 1984) (citations omitted).  In conducting this balancing, courts in this circuit have repeatedly rejected burden arguments similar to BHC's.  See, e.g., Berk v. Bates Advertising USA, No. 94 CIV. 9140, 1995 WL 559397, at *3 (S.D.N.Y. Sept. 19, 1995) (rejecting a burdensomeness argument and ordering production of documents concerning employment discrimination complaints against defendant, as well as discrimination charges filed by any of defendant's employees during a three-year time period); Mazzella, 1984 WL 55541, at *11 ("Here, defendants' representation that obtaining the sought-after information would require three weeks and an outside programmer scarcely warrants denying plaintiff basic statistical data that could be highly probative as to the basis, or lack thereof, of her assertions of discriminatory motivation."); Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 71 (D. Conn. 2004) (holding that plaintiff's request for FMLA claims against employer, a large corporation, filed in same state, by other employees, in previous four years was not overly broad or unduly burdensome).  Moreover, in this case, BHC's burden is largely self-made.  It would be unfair to allow it to derive a benefit from its poor recordkeeping, especially given that it has not submitted

---

[4] Additionally, BHC's broad-stroke response does not address questions previously raised by the court.  For example, BHC has not addressed the fact that complaints that plaintiff seeks might fall into any number of categories: those resulting in litigation, those filed with governmental agencies, such as the EEOC and the State Division of Human Rights, those filed pursuant to BHC's internal complaint procedures, if any, and those made to union representatives.

any competent evidence to substantiate the burden that production would impose on it.

However, production is to be limited to complaints against employees who, like plaintiff, worked in BHC's nursing department. In employment discrimination cases, courts in this circuit have frequently narrowed broad discovery requests for past complaints to those made by employees in a particular department or division. See, e.g., Rifkinson v. CBS Inc., 94 Civ. 7985, 1995 WL 614565, at *1 (S.D.N.Y. Oct. 18 1995) (narrowing a discovery request for complaints made by all employees of CBS News to those employees in job categories similar to plaintiff's); Curtis v. Citibank, N.A., 70 Fed. App'x 20, 24 (2d Cir. 2003) ("[T]he district court acted within its discretion in rejecting plaintiffs' sweeping discovery request for all formal and informal complaints of racial and sexual harassment and discrimination throughout the company, and in limiting discovery to the plaintiffs' supervisors and to their division."). BHC's overbreadth objection is valid, and a narrowing of plaintiff's request is therefore appropriate.

## CONCLUSION

For the reasons stated above, plaintiff's motion to compel discovery is granted in part and denied in part. BHC shall produce the personnel files of the thirteen CSAs who worked the evening shift during plaintiff's employment at BHC. BHC shall also produce copies of all complaints by employees of BHC's nursing department alleging discrimination and/or retaliation based on national origin, race, color or age for the years 2001 to 2005.

SO ORDERED.

Dated: Brooklyn, New York
April 29, 2011

/s/
ROBERT M. LEVY
United States Magistrate Judge